

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL 20  PM 3: 59

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Mr. James Williams, Sr.,
Mrs. Hilda Williams,
Bryon Williams,
Ms. Monique Railey,
and Mr. James Williams, Jr.
PLAINTIFF,

**01-2229**

CASE NO.
SECTION:
MAGISTRATE **SECT. S MAG. 1**

VERSUS

**Detective ANTHONY PARDO,**
individually and in
his official capacity as an
officer of the **New Orleans Police Department(N.O.P.D.);**
**Detective    CAESAR RUFFIN,** individually
and in his official capacity as an
officer of the N.O.P.D.;
**Sargent HENRY HINES,** individually
and in his official capacity as an
officer of the N.O.P.D.;
**Officer MAYO BONNET,** individually
and in his official capacity as an
officer of the N.O.P.D.;
**Officer LOUIS MARTINEZ,** individually
and in his official capacity as an
officer of the N.O.P.D.;
**Officer SEAN CARTER,** individually
and in his official capacity as an officer of the N.O.P.D. ;
**Officer SHAUN FERGUSON,** individually
and in his official capacity as an officer of  the N.O.P.D.;
**Officer THEDRICK ANDRES,** individually and in his official capacity as an officer of
the N.O.P.D.;
**Officer SALVADORE  BATTAGLIA,** individually and in his official capacity as an

1

___ Fee_150.00
___ Process____
X  Dktd_____
___ CtRmDep____
___ Doc.No.____

officer of the N.O.P.D.;
**Officer RONALD RUIZ**, individually and in his official capacity as an officer of the
N.O.P.D.;
**Officer ALFRED CELESTINE**, individually and in his official capacity as an officer of
the N.O.P.D.;
**Sargent JOSEPH CATALANOTTO**, individually and in his official capacity as an
officer of the N.O.P.D.;
**Detective ARTHUR KAUFMAN**, individually
and in his official capacity as an
officer of the N.O.P.D.;
**Sergeant GERARD DUGUE'**, individually
and in his official capacity as an
officer of the N.O.P.D.;
**And other UNNAMED OFFICERS**, individually
and in their official capacity as an
officers of the N.O.P.D.;
**CHIEF RICHARD PENNINGTON**, individually
and in his OFFICIAL capacity as the
CHIEF of the New Orleans Police Department(N.O.P.D.);;
and the CITY OF NEW ORLEANS,
DEFENDANTS

## COMPLAINT

## <u>INTRODUCTORY STATEMENT</u>

1. This is a civil action seeking money damages against Detective Pardo and other named officers and unnamed officers of the New Orleans Police Department(N.O.P.D.), all employees of the City of New Orleans for violation of the plaintiffs' constitutional rights and civil and common law rights by the defendants initiating and executing a search of plaintiffs' residence without probable cause and forcing an improper entry in violation of the "knock and announce rule."

Further the officers utilized *excessive force* against the members of this extended family during the execution of this warrant.

James Williams, Jr., was shot in the back by Detective Pardo, all other family members were battered, terrorized, and assaulted during the forced execution of this warrant during the "dead of night."

All the plaintiffs were then transported away from their home and daily lives to be interrogated by the N.O.P.D., without being advised of their constitutional rights or counsel being present.

A fraudulent police investigation was then engendered with the design of causing Mr. James Williams, Jr., to be falsely accused of the attempted first degree murder of the defendant officers who made the unannounced forced entry into this family home.

3

Additionally, plaintiff James Williams, Jr. was falsely accused of possession with the intent to distribute cocaine. The N.O.P.D. investigation caused Mr. James Williams, Jr., to be *maliciously prosecuted* for the ATTEMPTED FIRST DEGREE MURDER OF DETECTIVE PARDO, the officer who shot him in the back twice, and SIMPLE POSSESSION OF COCAINE, both felonies.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the Fourth, FIFTH, SIXTH, EIGHTH and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Section 1983,

28 U.S.C. Section 1343, and 28 U.S.C. Section 1331.

Ancillary jurisdiction or pendant jurisdiction is invoked regarding the State negligence claims and related causes of action pursuant to La. C. C. P., Art. 2315, *et seq.*.

2.A. Plaintiffs seek an order of this court enjoining the city of New Orleans from engaging in certain specified unconstitutional conduct and a declaration by the court that such conduct is unconstitutional, all pursuant to 28 U.S.C. Section 1343(4)and related Sections.

4

PARTIES

PARTIES PLAINTIFF

3.     James Williams, Sr. is a resident of the Parish of Orleans, State of Louisiana and the United States of America.

Mrs. Hilda Williams is the wife of Mr. Williams, Sr. and the mother of Mr. James Williams, Jr. She is a resident of the Parish of Orleans, State of Louisiana and the United States of America.

James Williams, Jr. is a resident of the Parish of Orleans, State of Louisiana and the United States of America.

Bryon Williams, is the younger son of Mr. And Mrs. Williams.  He is a resident of the Parish of Orleans, State of Louisiana and the United States of America.

Ms. Monique Railey, Mr. James Williams, Jr.'s fiancee , is a resident of the Parish of Orleans, State of Louisiana and the United States of America.

**PARTIES DEFENDANT**

4. At all times referred to herein, defendant :

Detective ANTHONY PARDO, Detective    CAESAR RUFFIN, Sargent HENRY

HINES, Officer MAYO BONNET, Officer LOUIS MARTINEZ, Officer SEAN

CARTER, Officer SHAUN FERGUSON, Officer THEDRICK ANDRES, Officer

SALVADORE  BATTAGLIA, Officer RONALD RUIZ, Officer ALFRED CELESTINE,

Sergeant JOSEPH CATALANOTTO,  Detective ARTHUR KAUFMAN, Sergeant

GERARD DUGUE',and other UNNAMED OFFICERS were police officers employed

by the City of New Orleans/parish of Orleans.

4.A. The true names and capacities of the UNNAMED OFFICERS are presently

unknown to the plaintiffs.  Plaintiffs are informed and believes, and based upon such

belief alleges that each of the unnamed officers are responsible for the damages suffered

by the plaintiffs.  Leave of court will be sought to amend this complaint to include the

true names and capacities of the UNNAMED OFFICERS as soon as such information

becomes known to the plaintiffs.

5.Defendant RICHARD PENNINGTON was, at all times referred to herein, Chief

of Police for the City of New Orleans, and as such, he was the commanding officer of the

6

named and unnamed defendants and was responsible for the training, supervision, and

conduct of the defendants as more fully set forth below.  Defendant RICHARD

PENNINGTON is further responsible by law for enforcing the regulations of the City and

Parish of New Orleans  and for ensuring that the City and Parish of New Orleans  police

officers obey the laws of the State of Louisiana and the United States of America.

     5.     Defendant City and Parish of New Orleans  is a municipal corporation,

organized and existing under the laws of the State of Louisiana.

6.     Plaintiff sues all defendants in their individual and official capacities.

     7.     At all times referred to herein, the named and unnamed defendants acted

under color of the laws, statutes,  ordinances, regulations, policies, customs, and usages of

the state of Louisiana and the City and Parish of New Orleans .


### CAUSE OF ACTION I


For this cause of action against the defendants, Detective ANTHONY PARDO, Detective

CAESAR RUFFIN, Sargent HENRY HINES, Officer MAYO BONNET, Officer

LOUIS MARTINEZ, Officer SEAN CARTER, Officer SHAUN FERGUSON, Officer

THEDRICK ANDRES,

Officer SALVADORE  BATTAGLIA, Officer RONALD RUIZ,

Officer ALFRED CELESTINE, and other unnamed officers plaintiffs state:

8. By this reference, plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 7 as though fully set forth herein.

9.    On or about July 21st, at four-thirty AM, plaintiffs were peaceably present in their family home.

10. Mr. And Mrs. Williams were present in their kitchen preparing Mr. Williams lunch as he prepared to go to work.

11. Unknown to Mr. James Williams, Sr. and his wife was the fact that a N.O.P.D. "Task force unit" had secured a defective search warrant for the family home.

12. The NOPD had done no actual meaningful surveillance of the home to determine the number of occupants or their relationships and had not gathered any intelligence of any sort or nature regarding the occupancy of this dwelling.

13. This "warrant" was based upon the alleged illegal activity of James Williams, Jr. and no other family member was alleged to be involved.

14. The N.O.P.D. Drug Task Force Unit( Tactical Unit) followed its current "normal procedures" and formulated an illegal and unconstitutional plan, in which the Williams family home was the target of a planned radical , dynamic, armed assault and forced entry during the cover of darkness.

8

15. The NOPD Task Force Unit did not "knock and announce" before forcibly breeching the "garden variety hollow core front door. The N.O.P.D. did no ring the door bell and it did not give the family any meaningful opportunity to peaceably comply with the alleged order of search.

16. The first "notice" the family had of the officer's desire to enter their home was what they believed to be "gunfire" or an "explosion" very near the front of the family home.

17. The "gun fire" or "explosion" near the front of the home caused Mr. And Mrs. James Williams, Sr. to retreat in fear for their lives and to "seek cover" from the perceived danger caused by assault upon their home.

18.    The "gun fire" or "explosion" near the front of the home awakened James Williams, Jr. and Ms. Monique Railey, Mr. James Williams, Jr.'s fiancee.

19. Mr. James Williams, Jr. exited his bedroom armed with a handgun to defend and protect his family from what he perceived to be either gunfire directed at the family home or a "home invasion" burglary.

20. Mr. James Williams, Jr. perceived the front door to his family home shattering and saw "flashlights" near the hole that had been punched through the garden variety, wooden door to the home.

21. Mr. James Williams, Jr. surmised that it was "the police" forcing way into the

home and he turned to retreat into his bedroom to meet the officer peaceably.

22. At precisely that instant, the "task force unit" forced entry through the front door with a battering ram/breeching tool.

23. The NOPD Task Force Unit did not "knock and announce" before forcibly breeching the door. This illegal and unconstitutional act is precisely what caused the family to perceive the family home was under an illegal assault of some nature.

24. When the armed "tactical unit" breached the door, Mr. and Mrs. Williams, Sr. had pistols placed to their foreheads and the "officers of the law" began verbally abusing Mr. And Mrs. Williams, Sr. and threatening them with further physical harm.

25. Contemporaneously, Mr. James Williams, Jr. was shot twice in the back by Officer Pardo as he retreated into his bedroom.

26. Ms. Monique Railey was verbally and physically assaulted in the bedroom by the "Task Force Unit."

27. .Bryon Williams, is the younger son of Mr. And Mrs. Williams was verbally and physically assaulted in the bedroom by the "Task Force Unit."

28. Mr. And Mrs. James Williams, Sr., Ms. Monique Railey and Bryon Williams were illegally detained or arrested.

29. Mr. And Mrs. James Williams, Sr., Ms. Monique Railey and Bryon Williams were then transported by armed person, against their will to be "interviewed."

10

30. While illegally detained the family was interviewed without being informed of, or waiving their Fifth Amendment Rights.  This illegal conduct was undertaken to advance the "internal investigation" of the shooting of Mr. James Williams, Jr..

31. After several hours of searching no contraband was discovered within the home.

32. Subsequently, one officer returned to the home and minuscule amount of cocaine was allegedly found in the William's family home in a sock, on the floor of James Williams, Jr.'s room.  No other officer claims to have observed this "discovery."

33.    Subsequent to Mr. James Williams, Jr.'s physical arrest the "Task Force officers" individually and/or in concert  placed, or caused to be placed, a piece of cocaine on the evidence books and maliciously and without probable cause, caused Mr. Williams, Jr., be booked with possession of cocaine, a felony.

31. Subsequent to Mr. James Williams' physical arrest the "Task Force officers" and "rank" involved in this "investigation"individually and/or in concert  maliciously and without probable cause, caused Mr. Williams, Jr. be booked with attempted first degree murder of a peace officer and possession with the intent to distribute cocaine, each a felony.

11

## CAUSE OF ACTION   I

## COUNT I

For plaintiff, **James Williams, Jr.**'s cause of action against the defendants, Detective ANTHONY PARDO, Detective   CAESAR RUFFIN, Sergeant HENRY HINES, Officer MAYO BONNET, Officer LOUIS MARTINEZ, Officer SEAN CARTER, Officer SHAUN FERGUSON, Officer THEDRICK ANDRES, Officer SALVADORE  BATTAGLIA, Officer RONALD RUIZ, Officer ALFRED CELESTINE, and other unnamed officers in Count 1, plaintiff, James Williams, Jr., states:

32.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs  1 through 31 of this complaint as though fully set forth herein.

33.     As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of plaintiff by defendants committed under color of law and under their authority as City and Parish of New Orleans  Police officers, plaintiff suffered grievous bodily harm (He will wear a colostomy bag for the remainder of his natural life.) and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.  Further his Eight Amendment rights were violated as well as his Sixth

12

Amendment rights.

34.     As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiff, James Williams, Jr., was shot in the back twice from which he still suffers.

34. A.  As a direct and proximate result of the malicious and outrageous conduct of defendants Sargent JOSEPH CATALANOTTO,

Detective ARTHUR KAUFMAN, Sergeant GERARD DUGUE',And other UNNAMED OFFICERS, CHIEF RICHARD PENNINGTON, as set forth above, plaintiff, James Williams, Jr., suffered false arrest, false imprisonment and malicious prosecution, from which he still suffers.

35.     The acts of defendants, against James Williams, Jr.,  as set forth above were intentional, wanton, malicious, and oppressive, thus entitling  plaintiff to an award of punitive damages.

## CAUSE OF ACTION I,

## <u>COUNT II</u>

For his cause of action defendant against defendants  in Count II,  plaintiff, **James Williams, Sr.,**states:

36.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs  1 through 35 of this complaint as though fully set forth herein.

37.      As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of plaintiff by

the  defendants committed under color of law and under their authority as New Orleans' Police officer's, plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.  Further, his Fifth and Sixth Amendment rights were violated by his being caused to give an uncounseled "statement" to the N.O. P.D.. He was also the victim of excessive use of force against his person.

38.      As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiffs, ,James Williams, Sr., suffered aggravated

14

burglary, aggravated assault, intentional infliction of emotional distress, negligent

infliction o emotional distress, criminal damage to property and also suffered false arrest,

false imprisonment.

Additionally, he was they were  victim of an aggravated kidnaping and their Fifth

Amendment rights were violated.,

39.    The acts of as set forth above were intentional, wanton, malicious, and

oppressive, thus entitling  plaintiff to an award of punitive damages.

## CAUSE OF ACTION I

## COUNT III

For her cause of action defendant against defendants, plaintiff, **Mrs. James
Williams, Sr.**, states:

40.    By this reference, plaintiff incorporates each and every allegation and

averment set forth in paragraphs  1 through 39 of this complaint as though fully set forth

herein.

41.    As a direct and proximate result of the above-referenced unlawful and

malicious physical abuse of plaintiff by defendants  committed under color of law and

under their authority as New Orleans' Police officer's, plaintiff suffered grievous bodily

harm and was deprived of her right to be secure in her person against unreasonable seizure

15

of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.  Further, her Fifth and Sixth Amendment rights were violated by his being caused to give an uncounseled "statement" to the N.O. P.D..  She was also the victim of excessive use of force against her person.

42.    As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiff, Mrs. James Williams, Sr., suffered aggravated burglary, aggravated assault, intentional infliction of emotional distress, negligent infliction of emotional distress, criminal damage to property and also suffered false arrest, false imprisonment.  Additionally, she was the victim of an aggravated kidnaping and her Fifth Amendment rights were violated.,

43.    The acts of defendants, as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## CAUSE OF ACTION I

### COUNT IV

For his cause of action defendant against defendants  plaintiff, **Bryon Williams**, the younger son of Mr. And Mrs. Williams, Sr., states:

44.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs  1 through 43 of this complaint as though fully set forth herein.

16

45.    As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of plaintiff by defendants committed under color of law and under their authority as New Orleans' Police officer's, plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.  Further, his Fifth and Sixth Amendment rights were violated by his being caused to give an uncounseled "statement" to the N.O. P.D..

46.    As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiff, Bryon Williams, suffered aggravated burglary, aggravated assault, intentional infliction of emotional distress, negligent infliction of emotional distress,  and also suffered false arrest, false imprisonment.  Additionally, he was the victim of an aggravated kidnaping and his Fifth Amendment rights were violated. He was also the victim of excessive use of force against his person.

47.    The acts of defendants, as set forth above were intentional, wanton, malicious, and oppressive, thus entitling  plaintiff to an award of punitive damages.

17

## CAUSE OF ACTION I

### COUNT V

For her cause of action defendant against defendants  plaintiff, **Ms. Monique Railey**, states:

48.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs  1 through 47. of this complaint as though fully set forth herein.

49.     As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of plaintiff by defendants committed under color of law and under their authority as New Orleans' Police officer's, plaintiff suffered grievous bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.  Further, her Fifth and Sixth Amendment rights were violated by his being caused to give an uncounseled "statement" to the N.O. P.D..  She was also the victim of excessive use of force against her person.

50.     As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiff, Ms. Monique Railey, suffered aggravated burglary,

18

aggravated assault, intentional infliction of emotional distress, negligent infliction of emotional distress, criminal damage to property and also suffered false arrest, false imprisonment. Additionally, she was the victim of an aggravated kidnaping and her Fifth Amendment right were violated.,

51.     The acts of defendants, as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## CAUSE OF ACTION II

### Cause of Action Against Richard Pennington,

### Chief of the NOPD and

### the City Of New Orleans

For his cause of action against defendant OFFICERS, Chief Richard Pennington and the City and Parish of New Orleans , plaintiffs state:

52.     By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 56. of this complaint as though fully set forth herein.

53.     Prior to the incident involving plaintiff, defendant POLICE CHIEF RICHARD PENNINGTON had learned or should have learned of previous incidents involving defendants and other members of the NOPD, particularly, DRUG TASK FORCE UNITS and TACTICAL UNITS wherein those officers had IMPROPERLY

315959178eb8c25f

EXECUTED SEARCH WARRANTS  and used unreasonable force on others that they

had arrested.  Additionally, Chief Pennington should have known that a pattern and

practice of supplying judicial officers ORDERS of SEARCH that authorized

NIGHTTIME executions without any supporting facts of even and actual request for such

authorization within the AFFIDAVIT existed and no remedial measures were taken.

Defendant, POLICE CHIEF RICHARD PENNINGTON  took no action to discipline

defendants or to order them  not to repeat such incidents, thus tacitly authorizing such

conduct.  If defendant POLICE CHIEF had taken such remedial action, the illegally

secured search warrant would not have been illegally executed and none of the plaintiffs

would have suffered a violation of their constitutional rights.

     54. The City Council of New Orleans is vested by state law with the authority to

make policy for the city on the use of force in entering persons homes by N.O.P.D.

officers and with the authority to make policy for the city on the use of force in making

arrests.  The city counsel members were aware, or should have been aware, or were

deliberately indifferent to a pattern of illegal execution of search warrants, and use of

excessive force by police officers employed by the defendant, City and Parish of New

Orleans  ; they were aware that the city's policies regarding the discipline of officers

accused of excessive force were so inadequate that it was obvious that a failure to correct

them would result in further incidents of THE SECURING OF ILLEGAL SEARCH

WARRANTS and Illegal Execution of Search Warrants, use of excessive force against "target" and "Non-target" residence occupants; and the failure to correct said policies caused the constitutional violations of the plaintiffs as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

55. At all times relevant to this complaint, defendants acted as police officers of the City and Parish of New Orleans were acting under the direction and control of defendants POLICE CHIEF RICHARD PENNINGTON and the City and Parish of New Orleans , and were acting pursuant to the official policy, practice, or custom of the City and Parish of New Orleans .

56.     Acting under color of law and pursuant to official policy, practice or custom, defendants CHIEF RICHARD PENNINGTON and the City and Parish of New Orleans intentionally, knowingly, and recklessly failed to instruct, supervise, control and discipline, on a continuing basis , the defendant OFFICERS in their duties to refrain from unlawfully and maliciously breaking into citizens homes in the dead of night, assaulting and beating citizens, and otherwise using unreasonable and excessive force before, during, or after the making of an arrest, generating false and baseless police reports of investigations designed to
produce false and baseless charges to exonerate police officers who shoot citizens in the

21

back.

57.     Acting under color of law and pursuant to official policy, practice, or custom defendant CHIEF RICHARD PENNINGTON and the City and Parish of New Orleans intentionally, knowingly, and recklessly failed to instruct, train, and supervise defendants on a continuing basis in the correct procedure for applying for a search warrant and for executing a search warrant. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

58.     Defendants CHIEF RICHARD PENNINGTON and the City and Parish of New Orleans had knowledge, or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant CHIEF RICHARD PENNINGTON and the City and Parish of New Orleans had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

59.     Defendant CHIEF RICHARD PENNINGTON and The City and Parish of New Orleans directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants heretofore described.

22

The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

60.   As a direct or proximate result of the acts of defendant CHIEF RICHARD PENNINGTON and the City and Parish of New Orleans  as set forth herein, plaintiff James Williams, Jr.,  suffered physical injury, medical expenses, severe mental anguish and false imprisonment in connection with deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by U.S.C. Section 1983.

61.   As a direct or proximate result of the acts of defendant CHIEF RICHARD PENNINGTON and the City and Parish of New Orleans  as set forth herein, plaintiffs Mr. James Williams, Sr.,

Mrs. Hilda Williams,  Bryon Williams,  Ms. Monique Railey,    suffered physical injury, severe mental anguish and false imprisonment and interrogation in violation of their Fifth Amendment Rights as well as those constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by U.S.C. Section 1983.

62. The Acts of defendant CHIEF RICHARD PENNINGTON and the City of New Orleans  as set forth above were wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages.

23

**CAUSE OF ACTION IV**

**STATE NEGLIGENCE AND COMMON LAW TORT CLAIMS**

63. The plaintiffs invoke ancillary or pendant jurisdiction regarding all common law or civil law claims growing out of Louisiana Code of Civil Procedure Article 2315, et seq., alleged in Paragraphs 1. through 62. as if they had been fully set fourth herein.

**CAUSE OF ACTION IV**

**REQUEST FOR DECLARATORY AN INJUNCTIVE RELIEF**

64. The plaintiffs invoke ancillary or pendant jurisdiction regarding all common law or civil law claims growing out of Louisiana Code of Civil Procedure Article 2315, et seq., alleged in Paragraphs 1. through 63. as if they had been fully set fourth herein.

65. The plaintiffs realleges and incorporates the First Cause and Second Cause of Action as though set fourth in full.

66. The conduct, practice, and customs of the defendants as set fourth above are illegal, improper, and unconstitutional as a denial of due process of law and direct of citizens' constitutional rights to be secure in their homes and persons.

67. The continued implementation of these policies has, does and will continue to cause plaintiffs and citizens similarly situated irreparable harm.

24

68.  Unless these polices are stopped, the plaintiffs and persons similarly situated will suffer serious and grievous bodily harm and damage to their property and to property of third persons.  The plaintiffs have no plain or adequate remedy at law.  The plaintiffs request equitable relief in the form of declaratory relief and injunctive relief , the further description of which is contained in the prayer hereto.

### PRAYERS FOR RELIEF

WHEREFORE, plaintiffs respectfully pray for judgment as follows:

### CAUSE OF ACTION I, COUNT 1-5; COUNT II AND COUNT III
### CIVIL RIGHTS ACTION and ACTIONS BROUGHT PURSUANT TO LA. ART.
### 2315

1.      For compensatory damages against all defendants in an amount proved at trial;

2.      For exemplary and punitive damages against defendants in an amount to be proven at trial;

3.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and

4.      For such other and further relief as the court deems proper.

25

## COUNT FOUR
## CIVIL RIGHTS ACTIONS,
### REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

1. A declaratory judgement that the policies, practices and acts complained of herein are illegal and unconstitutional.

2. A permanent injunction enjoining said defendants from engaging in the practice of fraudulently obtaining judicial authorization for the night-time execution of warrants with supplying the requisite articulable facts justifying such a request, the practice of not knocking and announcing before forcing radical dynamic entries in homes, the practice of interrogating citizens who have been witnesses to a police shooting of a citizen without supplying counsel to those  citizens, the practice of allowing officers involved in the shooting of a citizen within the citizen's home of participating in the search of the home for incriminating evidence, more specifically "drug evidence," the practice of lodging false and baseless criminal accusations against citizens shot by law enforcement officers to protect the officer, the Department and the City.

3. A declaratory judgement that these practices are illegal and unconstitutional.

4. A permanent injunction enjoining said defendants from engaging in the practices described herein,; but specifically, securing fraudulent search orders and illegally using excessive force in executing the warrants.

26

5. Such other and further equitable relief as this court may deem appropriate and proper.

Dated: July 20th, 2001, NEW ORLEANS, LOUISIANA.

Respectfully submitted,

C. GARY WAINWRIGHT #19858
ATTORNEY FOR PLAINTIFFS
2739 Tulane Avenue
New Orleans, La. 70119
(504) 822-3104

27